# In the United States Court of Federal Claims

No. 18-1664C

(Filed: September 9, 2019)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                *
RUDY J. LOPEZ,                                  *
                                                *
          Plaintiff,                            *
                                                *
     v.                                         *
                                                *
THE UNITED STATES,                              *
                                                *
          Defendant.                            *
                                                *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

---

## ORDER STAYING PROCEEDINGS AND REMANDING THIS MATTER

---

**WILLIAMS**, Senior Judge.

Plaintiff pro se, Rudy J. Lopez, a former first-class petty officer in the United States Navy ("USN"), brings this military pay action against the United States alleging he was wrongly separated from the USN and seeking correction of his naval record, an order changing his discharge from involuntary separation to retirement, as well as back pay, retirement pay, and other monetary relief. See generally Compl. Defendant has moved to stay and remand this matter to the Board for Correction of Naval Records ("BCNR") to reconsider whether Plaintiff is entitled to correction of his military records and to consider, in the first instance, whether Plaintiff is entitled to correction of his Department of Defense Form 214 separation document, to have his separation changed to retirement, as well as to associated back pay, retirement pay, and allowances. Def.'s Mot. 2. Plaintiff opposes the motion. Pl.'s Resp. 1. For the reasons stated below, Defendant's motion to stay and remand is **GRANTED**.

### Background[1]

Plaintiff pro se Rudy J. Lopez enlisted in the Navy on February 3, 1998, and served continuously on active duty until his involuntary separation with an honorable discharge on March 15, 2013. Compl. 6 at ¶¶ 17-23. Plaintiff served as a Corpsman and deployed with a Marine

---

[1] This background is derived from Plaintiff's complaint, Defendant's motion to stay and remand, and Plaintiff's responses.

Reconnaissance team four times from 2004 to 2010, three times to Iraq and once to Afghanistan. Compl. 8-11 at ¶¶ 34, 40, 52, 55.

Defendant alleges Plaintiff was separated in accordance with a Navy policy prohibiting three or more failures of the Body Composition Assessment ("BCA") portion of the Physical Fitness Assessment ("PFA") over a four-year period. Def.'s Mot. 2. Plaintiff failed the BCA on October 2, 2008, May 18, 2010, November 4, 2011, and April 11, 2012. Compl. 10-13 at ¶¶ 49-75. Plaintiff alleges that these BCAs were not performed in accordance with applicable Navy policy and that the failures are invalid. Id. He also alleges various violations of Department of Defense and Navy regulations, his "constitutional, due process, and statutory rights," and the Administrative Procedure Act during the administrative separation process. Compl. 6 at ¶¶ 13-15, 28-32, 71-95, 157-202.

Prior to his separation in 2013, in 2012 Plaintiff petitioned the BCNR for removal of his BCA failures from his official record and from his evaluation reports for the applicable periods. Compl. 16-17 at ¶¶ 100-101. The BCNR denied his request in a letter dated April 12, 2013. Compl. Ex. 13. Plaintiff petitioned the BCNR for reconsideration in April 2017, after his separation, and included additional requests to correct his DD-214 separation documents, to change his separation to a retirement, and to receive back pay, retirement pay, and associated monetary relief. Compl. 22-23 at ¶¶ 140-149. As Plaintiff was permitted only one reconsideration by the BCNR, in a letter dated May 19, 2017, the BCNR "administratively closed" Plaintiff's case and directed him to first seek review by the Naval Discharge Review Board ("NDRB") in order to give Plaintiff the "maximum opportunity" to obtain relief. Compl. Ex. 14. Plaintiff contends that the NDRB does not have the authority to grant the relief he seeks. Compl. 23-24 at ¶¶ 150-152.

Plaintiff filed his complaint in this Court on October 17, 2018. ECF No. 1. Defendant seeks a stay and remand to the BCNR to enable it to reconsider whether Plaintiff "is entitled to correction of his military records denied by the BCNR in its original decision . . . and consider, at first instance, whether [Plaintiff] is entitled to correction of his DD-214 separation document, associated back pay, retirement pay, and allowances." Def.'s Mot. 3. Plaintiff opposes Defendant's motion and argues that remand "would do nothing to address the constitutional, statutory, and regulatory violations . . . and would prevent Plaintiff from receiving a lawful opportunity to have his claims heard in this Court." Pl.'s Resp. 2-3.

## Discussion

The Tucker Act grants the Court of Federal Claims the authority "to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just." 28 U.S.C. § 1491(a)(2) (2012); see RCFC 52.2; accord Harris v. United States, 8 Cl. Ct. 299, 303 (1985). An order to remand "must (A) include such direction as the Court deems proper and just; (B) establish the duration of the remand period, not to exceed 6 months; (C) specify the extent to which court proceedings will be stayed during the remand period; and (D) designate a party to report to the court, every 90 days or less, on the status of the remand proceedings." RCFC 52.2(b)(1).

The Supreme Court has held that, except in rare circumstances, remand to an agency for additional investigation or explanation is appropriate "if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it." Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985). Additionally, an agency "may request a remand (without confessing error) in order to reconsider its previous position." SKF USA Inc. v. United States, 254 F.3d 1022, 1029 (Fed. Cir. 2001). In these situations, though an agency's request for a remand "may be refused if it is frivolous or in bad faith, if an agency's concerns are 'substantial and legitimate, a remand is usually appropriate.'" Nicely v. United States, 132 Fed. Cl. 649, 653 (2017) (quoting SKF USA Inc., 254 F.3d at 1029).

Remand is appropriate here. As Defendant notes in its motion for remand, the BCNR has not yet reconsidered its 2013 denial of Plaintiff's original petition, nor has it ruled on the additional issues he raised in his 2017 petition: namely, his requests for correction of his DD 214 separation document to a retirement from the USN, rather than an involuntary separation, as well as for associated back pay, retirement pay and other entitlements. Def.'s Mot. 4-5; Compl. 2-3 at ¶¶ 2,5. As Plaintiff himself notes, his 2017 petition to the BCNR "included new and material evidence . . . not previously considered by the [BCNR]." Compl. 22, at ¶ 140. Remand will allow the BCNR to consider all pertinent evidence relating to both the original 2013 petition and the claims added in 2017, as well as more fully develop the record. Accordingly, "substantial and legitimate" concerns support Defendant's request for remand, and there is no indication that the request is frivolous or made in bad faith. SKF USA Inc., 254 F.3d at 1029.

## Conclusion

The Court **GRANTS** Defendant's Motion and **REMANDS** this matter to the BCNR for further administrative action pursuant to Rule 52.2. This case is **STAYED** for all purposes until March 1, 2020. Defendant shall report to the Court every 60 days with the status of the remand proceedings.

*/s/ Mary Ellen Coster Williams*
**MARY ELLEN COSTER WILLIAMS**
**Senior Judge**